IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KEVIN P. CLANCY, *in his capacity as Liquidating Trustee for the New England Motor Freight Liquidating Trust*,
    Plaintiff,

v.                                                       Civil No. 3:21cv535 (DJN)

UNITED HEALTHCARE INSURANCE COMPANY, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Plaintiff Kevin P. Clancy, in his capacity as Liquidating Trustee for the New England Motor Freight Liquidating Trust ("Clancy," the "Trustee" or the "Liquidating Trustee"), brought this action against Defendants United Healthcare Insurance Company ("United Healthcare") and HPHC Insurance Company, Inc. ("HPHC") (collectively, "Defendants") for alleged breaches of fiduciary duties arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and concealment and spoliation of evidence in this case under New Jersey law. This matter comes before the Court on Defendants' Motion to Dismiss (ECF No. 100), moving to dismiss both counts contained in Plaintiff's Amended Complaint ("Am. Compl." (ECF Nos. 84, 88, 110)[1]).

With respect to Count One, Defendants move to dismiss for lack of statutory standing. With respect to Count Two, Defendants move to dismiss for failure to state a derivative claim or,

---

[1] When referring or citing to the Amended Complaint throughout this opinion, the Court will cite to the unsealed, redacted version of the Amended Complaint (ECF No. 110). ECF Nos. 84 and 88 correspond to a sealed, redacted Amended Complaint and a sealed, unredacted version of the Amended Complaint, respectively. All three versions remain the same in writing and substance, with differing levels of redaction and sealing.

alternatively, for the Court to decline to exercise supplemental jurisdiction. The Court heard oral argument on the Motion on November 30, 2022. Therefore, the Motion is ripe for resolution. For the reasons set forth below, the Court will DENY Defendants' Motion to Dismiss (ECF No. 100).

## I. BACKGROUND

Federal courts have jurisdiction to hear ERISA claims when plaintiffs have both constitutional and statutory standing. *David v. Alphin*, 704 F.3d 327, 338 (4th Cir. 2013). The Fourth Circuit applies Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to statutory standing challenges. *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). As such, at this stage, the Court must accept as true the facts set forth in the Amended Complaint (ECF No. 110). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court may also "consider documents that are explicitly incorporated into the complaint by reference," those attached as exhibits and those "integral to the complaint [with] no dispute about the document's authenticity," even if "not attached to or expressly incorporated in a complaint." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Against this backdrop, the Court accepts the following facts as alleged for purposes of resolving the instant motion.

### A. Factual Background

#### 1. NEMF Plan

In 2008, New England Motor Freight ("NEMF") sponsored and created a self-funded health benefit plan ("NEMF Plan" or the "Plan") governed by ERISA. (Am. Compl. ¶ 2.) NEMF and Defendants entered into an Administrative Services Agreement ("ASA") which governed the third-party claims administrator services for the NEMF Plan provided by Defendants. (Am. Compl. ¶¶ 2, 36, 38.) Defendants determined health benefits and processed

claims for payment of covered benefits. (Am. Compl. ¶ 38.) Under the Plan, the Trustee alleges that NEMF acted as a "fiduciary" and served in a fiduciary capacity as the plan sponsor and plan administrator. (Am. Compl. ¶¶ 31, 38.) Defendants also acted as fiduciaries in determining the availability of Plan benefits and payment of claims. (Am. Compl. ¶ 38.) The beneficiaries of the Plan were NEMF's employees, spouses and dependents who received benefit coverage under the NEMF Plan. (Am. Compl. ¶¶ 2, 35–36.)

From 2014 to 2020, Defendants paid approximately $172 million of claims from NEMF Plan assets held in NEMF accounts. (Am. Compl. ¶¶ 3, 42.) During that time, the Trustee alleges that Defendants breached their fiduciary duties to the NEMF Plan, which caused tens of millions of dollars of losses to the NEMF Plan. (Am. Compl. ¶¶ 21, 174, 181.)

### 2. NEMF Bankruptcy Case

On February 11, 2019 ("Petition Date"), NEMF (and its subsidiaries) filed for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court in the District of New Jersey ("Bankruptcy Court"). (Am. Compl. ¶¶ 21, 47); *In re New England Motor Freight, Inc.*, No. 19-12809 (Bankr. D.N.J. Feb. 11, 2019). NEMF commenced the case to wind-down and liquidate its assets. (Am. Compl. ¶ 47.) NEMF began a process to lay off its employees but continued its NEMF Plan during this time until July 31, 2019, when the Plan terminated. (Am. Compl. ¶ 21.) Defendants continued to administer claims during a six-month run-off period, until January 2020, for claims for services rendered on or before July 31, 2019. (Am. Compl. ¶¶ 21, 49.)

On October 21, 2019, NEMF and the Official Committee of Unsecured Creditors in the Chapter 11 Cases jointly filed an initial combined bankruptcy plan and disclosure statement

3

("Bankruptcy Plan").[2] (Am. Compl. ¶ 50.) They filed final versions of the Bankruptcy Plan on November 19, 2019. (Am. Compl. ¶ 50.) Defendants received notice and did not file or assert objections. (Trustee's Opp. to Defs. Mot. to Dismiss ("Tr. Opp.") (ECF No. 118) at 4.) The Bankruptcy Court held a confirmation hearing on January 14, 2020, and entered an order approving the Bankruptcy Plan, of which Defendants received notice ("Confirmation Order"). (Am. Compl. ¶ 50.) On February 3, 2019, the Bankruptcy Plan became effective ("Effective Date"). (Tr. Opp. at 4.)

In the Order, the Bankruptcy Court established the Liquidating Trust on the Effective Date and appointed Kevin P. Clancy as the Liquidating Trustee. (Am. Compl. ¶ 30, 50.) Pursuant to the Confirmation Order, the Trustee has "such powers, duties and responsibilities as is provided for . . . in the Bankruptcy Plan and the Liquidating Trust Agreement." (Tr. Opp. at 5.) Additionally, as of the Effective Date, NEMF's Debtors' Assets transferred to and vested in the Liquidating Trust. (Am. Compl. ¶ 50.) The Bankruptcy Plan defines "Liquidating Trust Assets" as "all of the Assets of the . . . NEMF Debtors" and the assets of NEMF's "Estate" "pursuant to section 541 of the Bankruptcy Code." (Tr. Opp. Ex. 1 ("Bankr. Plan") at 12). The Trustee obtained the assets via assignment: "the debtors and their Estates . . . transfer[red], assign[ed], and deliver[ed] to the Liquidating Trust . . . all of their right, title and interest in the Liquidating Trust Assets . . . ." (Tr. Opp. Ex. 2 ("Trust Agmt.") at 4.)

### 3. Liquidating Trust Assets

The Liquidating Trust assets include "claims, Causes of Action and related rights" which "shall be and are hereby preserved" and the Trustee "specifically retains and reserved the right to assert, after the Effective Date, any and all of such claims, Causes of Action and related rights,

---

[2] The Court adopts the Bankruptcy Plan (Tr. Opp. Ex 1; MTD Ex. A) and Trust Agreement (Tr. Opp. Ex. 2) as incorporated into the Amended Complaint by reference for purposes of resolving this instant motion.

4

whether or not asserted as of the Effective Date." (Tr. Opp. at 6; Conf. Order at 19.) The Bankruptcy Plan similarly grants the Liquidating Trustee "the right to assert, after the Effective Date, any and all of the Claims, Causes of Action and related rights, whether or not asserted as of the Effective Date," and "may pursue . . . any or all such Causes of Action, as he . . . deems appropriate." (Bankr. Plan at 120.) The Bankruptcy Court also conferred on the Trustee via the Bankruptcy Plan various "powers, rights and responsibilities," including but not limited to: "conducting an analysis of any and all Claims," "asserting and enforcing all legal and equitable remedies and defenses belonging to the Debtors or their Estates" and "pursuing, litigating or settling Causes of Action." (Bankr. Plan at 103–04.) The "Powers and Duties" of the Liquidating Trustee further include "pursuing potential recoveries related to . . . *over payments from the self-funded healthcare plan.*" (Bankr. Plan at 104 (emphasis added).)

Pursuant to the Bankruptcy Plan, Confirmation Order, and Trust Agreement, the Trustee stands in the shoes of NEMF as a "successor" to NEMF, which dissolved on the Effective Date. (Am. Compl. ¶ 31; Trust Agmt. at 8.) In acting as a "successor-in-interest" for purposes set forth in the Bankruptcy Plan, the Liquidating Trustee acts "in a fiduciary capacity on behalf of the interests of all Holders of Claims that will receive Distributions pursuant to the terms of the Plan." (Def. Mot. to Dismiss ("MTD") Ex. A ("Bankr. Plan") at 109.)

### B.     Procedural History

On August 17, 2021, the Trustee filed the instant action against Defendants, alleging a breach of fiduciary duty to the NEMF Plan under ERISA. (Complaint ¶ 41 (ECF No. 1).) The Trustee invoked jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367 and ERISA, 29 U.S.C. § 1132(e)(1). Defendants filed their answers on October 6, 2021. (ECF Nos. 25, 26.) Fact discovery commenced on November 12, 2021, and concluded on August 19, 2022. (Am. Compl.

5

¶ 206.)

On August 29, 2022, the Trustee filed the (sealed, redacted) Amended Complaint. (ECF No. 84.) Count I seeks damages to recover losses to the NEMF Plan allegedly caused by Defendants' breaches of fiduciary duties of prudence, loyalty and disclosure of material information under ERISA. (Am. Compl. ¶¶ 174, 183-87, 189.) Count II seeks relief under New Jersey law for Defendants' alleged intentional concealment and spoliation of evidence.[3] (Am. Compl. ¶¶ 25, 195–213.) On August 30, 2022, the Trustee filed a sealed Amended Complaint (ECF No. 88) and on September 17, 2022, filed a redacted, unsealed Amended Complaint (ECF No. 110).

On September 19, 2022, Defendants filed Defendants' Motion to Dismiss (ECF No. 100), arguing that the Liquidating Trustee lacked statutory standing under ERISA to bring a breach of fiduciary duty claim against Defendants. (MTD at 2.) Additionally, given its alleged lack of jurisdiction over Count I, Defendants ask the Court to either dismiss for failure to state a derivative claim or to decline to exercise supplemental jurisdiction over Count II. (MTD at 4.) The Trustee responded in his Opposition on September 23, 2022. (ECF No. 118.) Defendants filed a reply in support of their motion on September 29, 2022 (ECF No. 121), and the Court heard argument on the Motion on November 30, 2022, rendering the Motion ripe for resolution.

## II. STANDARD OF REVIEW

Federal courts "have subject matter jurisdiction over ERISA claims only where the [plaintiffs] have both statutory *and* constitutional standing." *David*, 704 F.3d at 338 (emphasis in original); *see also Wilmington Shipping Co. v. New England Life Ins. Co.*, 496 F.3d 326, 333–34 (4th Cir. 2007) ("Because 'federal courts . . . have only the power that is authorized by Article

---

[3] Aspects of Count II remain pending before this Court on Trustee's Motion for Sanctions. (ECF No. 96.)

6

III of the Constitution and the statutes enacted by Congress pursuant thereto,' a plaintiff must possess both Article III and statutory standing, or the federal court to which the plaintiff has come has no power to decide his case.") (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). The Fourth Circuit has held that Fed. R. Civ. P. 12(b)(6), rather than the typical 12(b)(1) subject matter jurisdiction inquiry associated with constitutional standing, applies to motions to dismiss for lack of statutory standing — "a concept distinct from Article III and prudential standing." *CGM, LLC*, 664 F.3d at 52. "A dismissal for lack of statutory standing is effectively the same as a dismissal for a failure to state a claim." *Id.* As the party invoking federal jurisdiction, the Trustee bears the burden of establishing standing. *Wilmington Shipping Co.*, 496 F.3d at 334 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim; it does not serve as the means by which a court will resolve factual contests, determine the merits of a claim or address potential defenses. *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss under Rule 12(b)(6), the Court will accept a plaintiff's well-pleaded allegations in a complaint as true and view the facts in a light most favorable to the plaintiff. *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Although the Court generally limits its analysis to the complaint's allegations, the Court may also "consider documents that are explicitly incorporated into the complaint by reference," those attached as exhibits and those "integral to the complaint [with] no dispute about the document's authenticity," even if "not attached to or expressly incorporated in a complaint." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). Where the bare allegations

7

of the complaint conflict with any document incorporated therein, the document prevails. *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *Schneider v. Donaldson Funeral Home, P.A.*, 733 F. App'x 641, 645 (4th Cir. 2018) ("[T]he exhibit prevails.").

### III. ANALYSIS

Defendants argue that the Trustee's claims fail for two reasons. With respect to Count One, Defendants move to dismiss the claim for the Trustee's lack of statutory standing. With respect to Count Two, Defendants move to dismiss for failure to state a derivative claim or, alternatively, for the Court to decline to exercise supplemental jurisdiction. Because Defendants' jurisdictional challenge regarding the ERISA claim determines the Court's exercise of jurisdiction over both the merits of that claim and the state law claim, the Court will consider the statutory standing challenge first. *See Wilmington Shipping Co.*, 496 F.3d at 334 ("[A] plaintiff must possess both Article III and statutory standing, or the federal court to which the plaintiff has come has no power to decide his case."). The question addresses whether the Liquidating Trustee possesses standing to bring claims of breach of fiduciary duty by Defendants, under 29 U.S.C. § 1132(a)(2) and (3), on behalf of the NEMF Plan if he exists as a fiduciary of Liquidating Trust claimants.

#### A. Standing under ERISA

Even if a plaintiff possesses Article III standing, lacking statutory standing may still prevent him from prosecuting his claims in federal court. *Bennett v. Spear*, 520 U.S. 154, 162–63 (1997). To determine statutory standing, "our analysis begins with 'the language of the statute.'" *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999) (quoting *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992)). The Trustee asserts his claims under 29

U.S.C. § 1132(a)(2) and (3).

Congress enacted six enforcement provisions for the enforcement of rights under ERISA; the remedies remain limited and exclusive to those expressly enumerated under 29 U.S.C. § 1132. *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 146 (1985). Furthermore, ERISA delineates the parties entitled to seek relief under the statute: "a civil action may be brought . . . by the Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title[.]" 29 U.S.C. § 1132(a)(2). Section 1132(a)(3) permits "a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief to redress" "any act or practice which violates any provision of this subchapter or terms of the plan." Thus, the Trustee must allege facts in the Complaint that he brings claims as a beneficiary, participant or fiduciary to have statutory standing.

The Trustee cannot constitute a participant or beneficiary of the NEMF Plan. ERISA defines a "participant" as "any employee or former employee" "who is or may become eligible to receive a benefit" under an ERISA plan. *Id.* § 1002(7). The statute defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." *Id.* § 1002(8). The Trustee does not, nor can he, allege that he stands as a participant or beneficiary of the NEMF Plan, because he cannot receive a benefit post-termination of the Plan. The Trustee, however, alleges that he constitutes a "successor fiduciary" of the NEMF Plan, and thus has statutory standing. (Am. Compl. ¶ 31.)

"ERISA contemplates two general types of fiduciaries." *Dawson-Murdock v. Nat'l Counseling Grp., Inc.*, 931 F.3d 269, 275 (4th Cir. 2019). The first constitutes a "named fiduciary": "a fiduciary who is named" in the plan documents. *Id.*; 29 U.S.C. § 1102(a)(2). A "functional fiduciary," the second type of fiduciary under ERISA, provides that "a person is a

9

fiduciary with respect to a plan to the extent [ ] he exercises any discretionary authority or discretionary control respecting management of such plan . . . ." *Id.* at 276; 29 U.S.C. § 1002(21)(A). The Trustee does not allege that he acts as a functional fiduciary for the NEMF Plan.[4] Instead, he argues that he remains a successor fiduciary to the NEMF Plan: since NEMF performed as a fiduciary for the Plan, so now does the Trustee. (Am. Compl. ¶ 31; Tr. Opp. at 12–13.)

### 1. NEMF's fiduciary status

While Defendants operated as Claims Administrators, ASA Section 2.1 explicitly states that Defendants "are not the Plan Administrator of the Plan." (Am. Compl. Ex. B ("ASA") at 4.) The ASA defines "Plan Administrator" as "[t]he current or succeeding person, committee, partnership, or other entity designated the Plan Administrator as defined by ERISA and who is generally responsible for the Plan's operation." (ASA at 3.) As plan sponsors of the self-funded healthcare plan, NEMF operated as Plan Administrators under the definition. *See Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 62 (4th Cir. 1992), *as amended* (July 17, 1992) ("ERISA provides that if a plan administrator is not designated in the written plan documents, then the plan sponsor is the plan administrator. The statute further indicates that the plan sponsor is 'the employer in the case of an employee benefit plan established or maintained by a single employer.'") (quoting 29 U.S.C. § 1002(16)(A)-(B)(i)); *see also Keokuk Area Hosp., Inc. v. Two Rivers Ins. Co.*, 228 F. Supp. 3d 892, 899 (S.D. Iowa 2017) ("ERISA typically treats involved plan sponsors as fiduciaries."). Defendants do not contest that NEMF functioned as the Plan Administrator of the NEMF Plan. (MTD at 13.)

The Fourth Circuit has "consistently utilized an interpretive bulletin published by the

---

[4] As neither party asserts NEMF or the Trustee's status as a "functional fiduciary," the Court does not analyze the issue.

10

Department of Labor in 1975" when "assessing whether a person or entity qualifies as a fiduciary under ERISA." *Dawson-Murdock*, 931 F.3d at 276. The bulletin states that:

> Some offices or positions of an employee benefit plan by their very nature require persons who hold them to perform one or more of the functions [of a fiduciary]. For example, a *plan administrator* or a trustee of a plan must, by the very nature of his position, have 'discretionary authority or discretionary responsibility in the administration' of the plan . . . . Persons who hold such positions will therefore be fiduciaries.

29 C.F.R. § 2509.75-8 (emphasis added). Courts have agreed consistently with this interpretation. *See, e.g., Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 379 (4th Cir. 2001) ("[A]s the administrator of its pension plan, [the defendant] is a fiduciary for purposes of ERISA when it is engaged in the administration or management of its pension plan."); *Barnes v. Lacy*, 927 F.2d 539, 544 (11th Cir. 1991) (finding that a fiduciary duty attaches where employer "wear[s] two hats" by acting as both employer and plan administrator); *Great Lakes Steel, Div. Nat'l Steel Corp. v. Deggendorf*, 716 F.2d 1101, 1104–05 (6th Cir. 1983) (explaining that ERISA permits an employer to serve as a fiduciary for its employee benefit plan). Thus, as Plan Administrator, NEMF unquestionably operated as a fiduciary of the NEMF Plan.

### 2. Liquidating Trustee remains a fiduciary of the NEMF Plan

Defendants correctly note that "[f]iduciary status under ERISA is not 'an all-or-nothing concept.'" *Custer v. Sweeney*, 89 F.3d 1156, 1162 (4th Cir. 1996) (citing *Coleman*, 969 F.2d at 61). "The inclusion of the phrase 'to the extent' in § 1002(21)(A) [defining fiduciary] means that a party is a fiduciary only as to the activities which bring the person within the definition." *Coleman*, 969 F.2d at 61 (examining whether the defendant acted as a fiduciary). However, the Fourth Circuit "liberally construes fiduciary status under ERISA." *Gray v. Blue Cross & Blue Shield of North Carolina*, 2021 WL 1090734, at *3 (M.D.N.C. Mar. 22, 2021) (citing *Dawson-Murdock*, 931 F.3d at 276–79). As NEMF fell under the definition of fiduciary as Plan

Administrator, the question remains whether the Liquidating Trustee, in assuming control of the NEMF bankruptcy estate under the Bankruptcy Plan, assumed NEMF's role as fiduciary of the NEMF Plan. The Court finds that he did and disagrees with Defendants' argument that the Trustee lacks standing as fiduciary of the Plan.[5]

### a. The Liquidating Trustee's rights and responsibilities render him a successor fiduciary to NEMF

Defendants argue that since the Trustee does not act as a Chapter 11 trustee pursuant to 11 U.S.C. § 1004(c), the Trustee does not perform obligations required to administer an ERISA plan. (MTD at 13.) Defendants thus argue that as merely a trustee of the Liquidating Trust created by the Bankruptcy Plan, the Trustee only has the "powers and duties . . . dictated by" and limited to the Bankruptcy Plan, Confirmation Order and Liquidating Trust Agreement. *See In re Health Diagnostic Lab'y, Inc.*, 584 B.R. 525, 532 (Bankr. E.D. Va. 2018) (finding that "[t]he Liquidating Trustee is the 'representative of the estate' tasked with enforcing claims held by the Debtors' bankruptcy estates"). The Court agrees but finds that under the Bankruptcy Plan, the Trustee assumes successor fiduciary status.

The Bankruptcy Plan, incorporated by reference into the Amended Complaint, provides that "[t]he Liquidating Trust shall not be deemed a successor-in-interest [of NEMF] for any purpose other than as specifically set forth herein or in the Liquidating Trust Agreement." (Bankr. Plan at 106.) Both the Bankruptcy Plan and Liquidating Trust Agreements enumerate the ways in which the Liquidating Trust, by way of the Trustee, shall act as a successor in interest to NEMF.

---

[5] If the Court follows Defendants' argument to the end, for a terminated plan under ERISA, only the Secretary of Labor could bring breach of fiduciary claims against administrative services providers under the statute, as the terminated Plan no longer has participants, beneficiaries or fiduciaries. This would result in only the Secretary having standing, which would undermine Congress' intent.

The Bankruptcy Plan states that, among other things, the Trustee's "powers and duties" encompass: "conducting an analysis of any and all Claims and Interests and prosecuting objections thereto or settling or otherwise compromising such Claims and Interests," "asserting and enforcing all legal and equitable remedies and defenses belonging to Debtors or their Estates," "pursuing, litigating or settling Causes of Action in accordance with the Plan" and "taking such actions as are necessary and reasonable to carry out the purposes of the Liquidating Trust." (Bankr. Plan at 103–04 (punctuation cleaned up).) The Bankruptcy Plan similarly grants the Liquidating Trustee "the right to assert, after the Effective Date, any and all of the Claims, Causes of Action and related rights, whether or not asserted as of the Effective Date," and "may pursue . . . any or all such Causes of Action, as he . . . deems appropriate." (Bankr. Plan at 120.) The Bankruptcy Plan defines "Claim" as defined in the Bankruptcy Code: a "right to payment . . . or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment . . . ." 11 U.S.C. § 101(5); (Bankr. Plan at 7.) Furthermore, "Causes of Action" constitute:

> all actions . . . rights, suits, . . . damages, judgments, remedies, demands . . . or any other claims whatsoever, in each case held by the Debtors, . . . existing or hereafter arising, in law, equity or otherwise, whether direct, indirect, derivative or otherwise, and any and all commercial tort claims against any party . . . based in whole or in part upon any act or omission or other event occurring prior to the Petition Date, or during the course of the Chapter 11 Cases through the Effective Date.

(Bankr. Plan at 7).

In addition to the blanket statements granting the Trustee the power and right to bring claims on behalf of NEMF and NEMF's Estate, the Bankruptcy Plan *explicitly empowers* the Trustee to "pursu[e] potential recoveries related to . . . *overpayments from the self-funded healthcare plan.*" (Bankr. Plan at 104 (emphasis added).) Defendants argue that this authority contractually grants the Trustee this power under state law, but does not give the Trustee the

13

authority to pursue recovery as a "successor fiduciary" of the NEMF Plan under ERISA. (MTD at 15.) The Court disagrees. The language of the Bankruptcy Plan need not explicitly name the Trustee as a fiduciary of the healthcare plan for the Trustee to operate as such. If the Trustee can bring claims on behalf of NEMF, can pursue overpayments to the healthcare plan on behalf of NEMF and "stands in the shoes" of NEMF, then the Trustee stands as a successor fiduciary of NEMF and the NEMF Plan. *See Lake v. Neal*, 585 F.3d 1059, 1059 (7th Cir. 2009) ("The *Duck Test* holds that if it walks like a duck, swims like a duck, and quacks like a duck, it's a duck.").

Further, NEMF's causes of action, along with other tangible and intangible items, vested as assets in the Trustee via the Liquidating Trust. The Trustee correctly argues that even if the Plan's assets do not constitute part of the Liquidating Trust's assets, NEMF's existing and future causes of action and claims *do* constitute assets under the Trust. The Trustee may not have inherited the Plan as an asset under the estate, *In re AB & C Group, Inc.*, 411 B.R. 284 (Bankr. N.D.W. Va. 2009), but he did take over the right to sue for the alleged overpayments. *See Oak Point Partners, LLC v. Blue Cross Blue Shield of Michigan*, 446 F. Supp. 3d 195, 199 (E.D. Mich. 2020) ("It is well established that the interests of the debtor in property include causes of action.") (quotations and citations omitted). Thus, since the Trustee assumed "the debtors' causes of action as part of the remnant assets, if the debtors could have brought the claim, the Plaintiff may bring it as well." *Id.* (cleaned up). Since the Court has already determined that NEMF, as fiduciary of the NEMF Plan, could have brought the claim under ERISA, so too can the Trustee as assumptor of NEMF's causes of action, including those relating to the NEMF Plan.[6]

---

[6] In addition, the Trustee argues that former-NEMF and current-Trust assets contain the residual assets of the self-funded healthcare plan. However, under ERISA, reversionary or

14

For these reasons, Court agrees with the Trustee that he assumed NEMF's role as fiduciary of the NEMF Plan when the Debtors' estates' assets, including its causes of action, vested in the Liquidating Trust. However, Defendants further argue that the termination of the plan negated this assignment.

### b. The Trustee remains a successor fiduciary despite the Plan's termination on July 31, 2020

The termination of the NEMF Plan on July 31, 2019, does not foreclose the Trustee from assuming the role of successor fiduciary of the Plan. Defendants argue that since the Plan terminated before the Trustee brought this suit, the relief sought must go to the Liquidating Trust or Trustee and not the NEMF Plan, which would forestall statutory standing under ERISA. *See Wilmington Shipping Co.*, 496 F.3d at 334 (holding that under § 502(a) relief must be sought on the plan's behalf). In support of this line of reasoning, Defendants rely on *Trigon Insurance Co. v. Columbia Naples Capital, LLC*, where the court held that since "the plan was terminated" "the relief sought by [Plaintiff] could therefore only possibly inure to its own benefit." 235 F. Supp. 2d 495, 502 (E.D. Va. 2002). Defendants misplace their reliance. The plaintiff in *Trigon* sought relief as payment or reimbursement for services rendered to plan participants *post-termination*. *Id.* Here, the Trustee seeks relief on behalf of the Trust (which owns NEMF's assets) for overpayment of healthcare claims by Defendants *during the plan's existence*.

Similarly, the case at bar is distinguishable from *Sonoco Products Co. v. Physicians Health Plan Inc.*, 338 F.3d 366 (4th Cir. 2003), on which Defendants also rely. There, the

---

residual asset can only inure to the benefit of the employer, instead of plan participants, if "the plan provides for such a distribution in these circumstances." 29 U.S.C. § 1344(d)(1). As the Trustee did not incorporate NEMF's healthcare plan into the Amended Complaint, the Court cannot consider at this stage whether the potential residual assets of the Plan did actually vest in the Trustee. *See Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013) ("In resolving a motion pursuant to Rule 12(b)(6)[,] a district court cannot consider matters outside the pleadings without converting the motion into one for summary judgment.") (citing Fed. R. Civ. P. 12(d)). Regardless, the Trustee has standing under ERISA for the reasons set forth above.

15

plaintiff sought to recover for increased expenses incurred when the defendant cancelled their original health plan contract. *Id.* at 369. This differs markedly from the instant action, as the Trustee seeks to recover for damages that the NEMF Plan (and as a result NEMF and the Liquidating Trust) suffered under an existing ASA with Defendants. Thus, the cause of action, and the relief sought by the Trustee as a result, will inure to the benefit of the Trust standing in the shoes of the NEMF Plan, not to the Trustee individually, because the Trustee suffered no injury independent of that suffered by the NEMF Plan.

The statute's six-year statute of limitations, or repose, to bring claims further negates Defendants' arguments that there exist no fiduciaries with the ability to bring claims on behalf of a terminated ERISA plan. 29 U.S.C. § 1113. The statute of limitations' time frame, which exists regardless of whether the plan remains in place at the time that a plaintiff brings suit, suggests Congress' intent not to limit standing to only currently existing plans. Similarly, the broad remedial nature of ERISA belies Defendants' post-termination-claim prohibition argument. *See Dawson-Murdock*, 931 F.3d at 278 ("ERISA is a 'remedial statute' that 'should be liberally construed[.]'").

As the Liquidating Trustee assumed the role of fiduciary following the transfer of assets from NEMF's Debtor Estate into the Liquidating Trust, pursuant to the Bankruptcy Plan, the Court must now examine whether the Trustee brings the claim on behalf of the NEMF Plan to have standing under ERISA.

### c. The Trustee brings claims on behalf of the NEMF Plan

Defendants argue that "a plan participant may *not* sue under ERISA § 502(a)(2) *unless* he seeks recovery on behalf of the plan." *Wilmington Shipping Co.*, 496 F.3d at 334 (emphasis in original); *cf.* 29 U.S.C. § 1109(a) ("Any person who is a fiduciary . . . shall be personally liable

to *make good to such plan any losses to the plan* resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . .") (emphasis added). On this point, the Court agrees.

Defendants argue then that as fiduciary of the Liquidating Trust's claimants, the Trustee cannot bring claims on behalf of the Plan. (MTD at 15; Bankr. Plan at 109.) The Trustee correctly responds, however, that he brings his claim on behalf of the NEMF Plan. The Trustee alleges that "Defendants' breaches of their fiduciary duties diminished the assets of, and caused losses to, the NEMF Plan and NEMF. The Trustee seeks damages from Defendants for all losses to NEMF and the NEMF Plan." (Am. Compl. ¶¶ 189–90 (cleaned up)). Additionally, the Amended Complaint specifies that "[u]nder ERISA, a fiduciary that breaches its fiduciary duties 'shall be personally liable' for 'any losses to the plan resulting from each such breach,' and to return 'any profits of such fiduciary which have been made through the use of assets of the plan[.]'" (Am. Compl. ¶ 188 (citing 29 U.S.C. § 1109(a).) Courts in our circuit have found that this statutory language quoted in the body of a complaint sufficiently alleges a claim brought on behalf of a plan, thus conferring standing. *Gray*, 2021 WL 1090734, at *4; *DiFelice v. U.S. Airways, Inc.*, 235 F.R.D. 70, 76 (E.D. Va. 2006) (finding standing for an ERISA fiduciary duty claim where the plaintiff's complaint used "nearly identical" language).

As the Trustee succeeded NEMF as fiduciary of the NEMF Plan, and brings claims on behalf of the Plan, the Trustee has statutory standing under ERISA to bring this claim in federal court.

### B. Concealment and spoliation claim

Defendants argue that Trustee's concealment and spoliation claim must fail either (1) as a derivative claim or (2) because the Court should decline to exercise supplemental jurisdiction.

17

Both arguments rest entirely upon the failure of the Trustee's first claim. As the Court DENIES the Defendant's Motion to Dismiss as to the first claim, the Court need not address the second claim here. The Trustee's claim for concealment and spoliation under New Jersey law will survive Defendants' Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, the Court will DENY Defendants' Motion to Dismiss (ECF No. 100). This case shall proceed on Counts I and II against Defendants.

An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Date: November 30, 2022